UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARNELL KING and JARMARIUS ERVES, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CORPORATE COMMERCIAL SWEEPING INC. and SHAUN ALAN AUGELLO,<br><br>Defendants. | ) ) ) ) CIVIL ACTION ) FILE NO. ) ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) |

## COMPLAINT - COLLECTIVE ACTION

Plaintiffs Darnell King ("King") and Jarmarius Erves ("Erves") present the following claims, on behalf of themselves and all similarly situated persons, against Defendant Corporate Commercial Sweeping Inc. and Defendant Shaun Alan Augello (collectively as "Defendants").

## JURISDICTION AND VENUE

1.

This is an action for unpaid overtime under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.* Pursuant to 28 U.S.C. § 1331, this

Court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

3.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

**PARTIES**

4.

Plaintiff King is a resident of Fulton County, Georgia and was employed by Defendants to perform street sweeping duties from September 2007 until May 2010. King was at all relevant times compensated via a daily flat rate of $100.00 or $120.00 per day.

5.

Plaintiff Erves is a resident of DeKalb County, Georgia and was employed by Defendants to perform street sweeping duties from August 2008 until March

2011. Erves was at all relevant times compensated via a daily flat rate of $100.00 or $120.00 per day.

6.

Plaintiffs are employees as defined by 29 U.S.C. § 203(e).

7.

Plaintiffs' consent forms to join this action are attached as Exhibit A.

8.

Defendant Corporate Commercial Sweeping is a domestic corporation that provides street sweeping services to its clients in Georgia.

9.

Defendant Corporate Commercial Sweeping is an employer as defined by 29 U.S.C. § 203(d).

10.

Defendant Corporate Commercial Sweeping may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Shaun Alan Augello, 125 Mansell Place, Roswell GA 30076.

11.

Defendant Shaun Alan Augello ("Augello") is Chief Executive Officer,

Chief Financial Officer, and Secretary of Corporate Commercial Sweeping Inc.

12.

Augello is an employer as defined by 29 U.S.C. § 203(d).

13.

Augello may be served with summons and a copy of the Complaint in this action by delivering process to him at his place of business, 125 Mansell Place, Roswell GA 30076.

## COLLECTIVE ACTION ALLEGATIONS

14.

Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

15.

Plaintiffs and those similarly situated are individuals who were, or are, employed by Defendants as Truck Operators in which their primary duty was providing sweeping services to Defendants' clients at any time within three years prior to filing this Complaint, in Georgia and were not paid straight time or overtime for some or all of their work activities.

16.

Plaintiffs and the similarly situated individuals are similar because they were

all paid on a daily rather than hourly basis and their duties include blowing off parking lots or decks with hand held blowers and providing general 'sweeping' services to clients of the Defendants.

17.

Plaintiffs and the similarly situated individuals are also similar because they routinely worked in excess of 8 hours per day and 40 hours per week performing their 'sweeping' duties at various locations around Atlanta.

18.

Plaintiffs and the similarly situated individuals are also similar because Defendants routinely failed to pay them straight time or overtime compensation for any hours worked in excess of 8 hours per day and 40 hours per week in violation of the FLSA, even though Defendants knew that they were working in excess of 8 hours per day and 40 hours per week.

19.

Defendants knowingly required Plaintiffs and the similarly situated individuals to work in excess of 8 hours per day and 40 hours per week without compensating them or paying them overtime compensation.

20.

Plaintiffs and all similarly situated individuals arrived to work between 8:45 P.M. and 9:00 P.M.

21.

After checking into work, Plaintiffs and all similarly situated individuals would gas up their street sweeping trucks and drive to their respective destinations.

22.

Plaintiffs and all similarly situated individuals were required to work from approximately 9:00 P.M. to 7:00 A.M. at least five nights a week.

23.

Plaintiffs and all similarly situated individuals were assigned to work 50 to 70 hours or more each week.

24.

Plaintiffs and all similarly situated individuals were not provided overtime compensation for working over 40 hours each week.

25.

Plaintiffs and all similarly situated individuals regularly worked six and seven days each week without overtime compensation.

26.

Defendants regularly assigned Plaintiffs and all similarly situated individuals more work than could be completed between the hours of 9:00 P.M. and 7:00 A.M. For example, Plaintiffs would be assigned multiple parking areas that required over three hours of sweeping to complete, forcing Plaintiffs to stay well in excess of 10 hours on a given day.

27.

Plaintiffs and all similarly situated individuals were forced to work well past 7:00 A.M. to complete their assigned duties. For example, Plaintiffs King and Erves regularly did not conclude work until after 9:00 A.M.

28.

Plaintiffs and all similarly situated individuals were paid $100.00 or $120.00 per day regardless of the number of hours they worked.

29.

Defendants had no formal procedure to record the time Plaintiffs and all other similarly situated individuals spent working.

30.

Plaintiffs and the similarly situated individuals were not given a lunch break.

31.

Augello told Plaintiffs and other similarly situated individuals that they could not eat in the street sweeping trucks.

32.

Defendants withheld money from Plaintiffs and other similarly situated individuals' checks for alleged truck damage and property being unclean.

33.

Defendants were aware that Plaintiffs and other similarly situated individuals were working time for which they were not compensated because Plaintiffs and the similarly situated individuals continually complained to Augello and other supervisors about Defendants' pay practices.

34.

King complained to Augello on at least five different occasions about not receiving proper overtime compensation.

35.

King complained to Augello in November of 2009 after working fourteen straight days without overtime compensation.

36.

King also complained to his supervisor about improper overtime compensation shortly before his termination in May of 2010.

37.

Erves asked his supervisor about receiving overtime in February of 2011.

38.

Approximately one month later, Defendants terminated Erves.

39.

Defendants told Plaintiffs and other similarly situated individuals that they were not eligible for overtime pay because they were 'salaried' employees.

40.

Defendants refused to pay Plaintiffs and other similarly situated individuals sick days or vacation days.

41.

Defendants refused to provide Plaintiffs and other similarly situated individuals with protective gear or masks.

42.

Defendants' actions were knowing and willful.

43.

Upon information and belief, the amount of time for which Plaintiffs and the similarly situated individuals were not paid overtime compensation (or even straight time) averages between 10 and 50 hours per week, depending on the employee.

44.

Because Defendants had no formal procedure to track Plaintiffs' hours, their overtime was not reflected in Defendants' payroll or time records.

## COUNT I
**Willful Failure and Refusal to Pay Overtime in Violation of the FLSA**

45.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

46.

During the statutory period, Plaintiffs and the similarly situated individuals were employed by Defendant as Truck Operators and Sweepers or in similar positions in which their primary job duty was providing sweeping services to Defendants' clients in Georgia.

47.

The FLSA requires employers to pay for all hours worked. The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over 40 hours per workweek.

48.

Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiffs and the similarly situated individuals for time spent on work activities as described in the Complaint.

49.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and continue to suffer a loss of income and other damages. Plaintiffs and similarly situated individuals are entitled to liquidated damages and also to attorneys' fees and costs incurred in connection with this claim.

50.

Defendants knew or showed reckless disregard for the fact that they failed to pay these individuals for overtime hours worked.

## COUNT II
### Retaliation in Violation of the FLSA

51.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

52.

The FLSA protects employees against retaliation. The FLSA 29 U.S.C. § 215 states that it shall be unlawful for any person to discharge any employee because such employee has filed any complaint related to the FLSA.

53.

Erves complained to his supervisor about not being compensated for his overtime hours multiple times throughout his employment. Most recently, Erves complained about his overtime wages in February of 2011.

54.

Defendants terminated Erves in March of 2011.

55.

King complained at least five different times to Augello about not being compensated for overtime wages.

56.

In November of 2009, King complained directly to Augello about not being compensated for extra work he performed.

57.

Augello responded that if King did not like their arrangement, King could leave.

58.

King complained to his supervisor about the lack of appropriate overtime several more times before being terminated in May of 2010.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all employees similarly situated who opt in to this action ("Opt-Ins") demand a **TRIAL BY JURY** and the following relief:

a. Issuance of notice as soon as possible to all employees who were employed by Defendants during any portion of the three years immediately preceding the filing of this Complaint performing similar duties. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked in excess of 40 hours per week and were not paid overtime compensation;

b. Judgment against Defendants for an amount equal to Plaintiffs and the Opt-Ins' unpaid back wages at the applicable overtime rates for a period of three years;

c. Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

d. Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

e. Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

f. Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 17th day of February, 2012.

BUCKLEY & KLEIN, LLP

By: s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

Attorney for Plaintiffs

# EXHIBIT A

## Consent to Join Form

Consent to sue under the Fair Labor Standards Act (FLSA)

I work or worked for Corporate Commercial Sweeping, Inc. at some point since [month/year] __09/2007__

in the position of [title] __Truck Operator__

I worked overtime for which I was not paid.

I consent to joining the FLSA collective action titled Darnell King and Jarmarius Erves against Corporate Commercial Sweeping to recover unpaid overtime pay under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).

I choose to be represented in this matter by the named plaintiff and counsel (Buckley and Klein, LLP) in this action.

Print Name: __Darnell King__

Signature __/s/ Darnell King__

Date Signed __02/14/12__

## Consent to Join Form

Consent to sue under the Fair Labor Standards Act (FLSA)

I work or worked for Corporate Commercial Sweeping, Inc. at some point since [month/year] __Aug 2008 - March 2011__
in the position of [title] __driver__

I worked overtime for which I was not paid.

I consent to joining the FLSA collective action titled Darnell King and Jarmarius Erves against Corporate Commercial Sweeping to recover unpaid overtime pay under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).

I choose to be represented in this matter by the named plaintiff and counsel (Buckley and Klein, LLP) in this action.

Print Name: __Jarmarius Erves__

Signature __[signature]__

Date Signed __2/13/2012__